UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:05-CR-58-TBR

**BRUCE R. ROGERS,**                                                     **Petitioner,**

v.

**UNITED STATES OF AMERICA,**                         **Respondent,**

**MEMORANDUM OPINION AND ORDER**

Petitioner Bruce R. Rogers ("Rogers") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 (DN 42). This matter is presently before the Court on two related motions filed by Rogers, a motion for extension of time to file a reply in support of his 2255 petition (DN 49) and a motion for appointment of counsel (DN 59).[1] Each motion is addressed below.

    A.     **Motion for Extension**

Rogers filed a motion for extension of time to file a reply in support of his 2255 petition (DN 49). Rogers filed his petition on February 18, 2016. After being granted an extension of time, the United States responded on May 4, 2016 (DN 47). Pursuant to the Local Rules, Rogers was required to file a reply no later than May 18, 2016. *See* LCrR 12.1(d) ("A party may file a reply within 14 days of service of the response."). On May 19, 2016, one day after the deadline for a reply, Rogers filed the motion for extension (DN 49). The United States did not file a response to the motion for extension. *See* LCrR 12.1(d) ("Failure to timely respond to a motion may be grounds for granting the motion."). In the motion for extension, Rogers requested a

---

[1]     Rogers has filed two nearly identical motions for appointment of counsel (DN 58, 59). The motions are based on the same argument and seek the same remedy. The United States has not responded to either motion. Based on the foregoing, the Court will address Rogers's second, more recent motion and deny as moot the first motion.

thirty-day extension of the reply deadline (DN 49); he did not expressly set forth any reason to justify the extension. (*See id.*) On May 23, 2016, before the Court entered a ruling on the motion for extension, Rogers filed a reply (DN 51).

The Court finds that good cause exists to grant the motion for extension. This is so for several reasons. First, the Court previously granted the United States' motion for an extension of time to file a response. (*See* DN 44 (motion for extension); DN 45 (granting motion); DN 47 (response).) Second, as is noted above, the United States did not file a response in opposition to Rogers's motion for extension. Third, the United States has not expressed any opposition to the timeliness of the reply that Rogers subsequently filed. Finally, Rogers filed his reply on May 23, 2016, only five days after the original reply deadline of May 18, 2016. Based on the foregoing, the Court concludes that good cause exists to grant Rogers's motion for extension of time.

      **B.**      **Motion to Appoint Counsel**

On December 9, 2016, Rogers filed the first of two motions to appoint counsel (DN 58). On January 20, 2017, he filed a second motion (DN 59). The United States did not file a response to either motion. As is stated above, the two motions are substantively identical. As such, the Court will address the second, more recent motion and deny as moot the first motion. Rogers states that he is unable to move forward with his petition because he is unskilled in the law and lacks access to legal materials. He further states that he is unable to afford the services of counsel and asks the Court to appoint counsel for him. Rogers emphasizes that his Court-appointed counsel at the trial stage "refused to help [him] file or respond to the Government's response." (DN 59 at 1.) He requests that the Court order his trial counsel to assist him with his 2255 petition or appoint another attorney to do so. (*See generally id.*)

Rule 8(c) of the Federal Rules Governing Section 2255 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." "Appointment of counsel in a habeas proceeding is mandatory *only* if the district court determines that an evidentiary hearing is required." *Shannon v. Pancake*, 2006 U.S. Dist. LEXIS 49742, *8 (W.D. Ky. July 18, 2006) (citing *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994)) (emphasis added). "Otherwise, the appointment of counsel for a federal habeas petitioner is within 'the discretion of the court and is required only where the interests of justice or due process so require.'" *Id.* (quoting *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the [] United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). "In the absence of an evidentiary hearing, 'the exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.'" *Id.* at *10 (quoting *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004)).

In this case, the Court finds that Rogers is not entitled to a Court-appointed attorney. The Court has reviewed Rogers's habeas petition and supporting memorandum, the United States' response, and Rogers's reply. Rogers raises only one ground for relief; it raises the issue of the possible application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), a recent Supreme Court decision that has generated a large number of habeas petitions nationwide, to his case. This is purely a question of law and does not involve any factual disputes of the kind that often make

evidentiary hearings necessary. *See Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003) ("If the record includes a factual dispute, the district court 'must hold a hearing to determine the truth of the [petitioner's] claims.'") (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). Moreover, upon the filing of Rogers's reply, his habeas petition was fully briefed and ripe for review. There will be no further briefing or legal argument required. While, as he asserts, Rogers may lack the legal expertise of an attorney, a review of his petition, supporting memorandum, and reply indicates to the Court that he has a grasp of his legal argument and has expressed himself clearly. In short, Rogers "has made a colorable claim," and he does *not* require the assistance of counsel to "adequately investigate, prepare, or present the claim." *Shannon*, 2006 U.S. Dist. LEXIS 49742 at *10 (citation omitted). Based on the foregoing, the Court finds that the interests of justice and due process do *not* require that Rogers be appointed counsel to represent him in this habeas proceeding.

Accordingly, IT IS HEREBY ORDERED that Rogers's motion for extension of time to file reply (DN 49) is **GRANTED**. His reply filed May 23, 2016 (DN 51) is DEEMED TIMELY.

IT IS FURTHER ORDERED that Rogers's second motion to appoint counsel (DN 59) is **DENIED** for the reasons set forth herein.

Finally, IT IS ORDERED that Rogers's first motion to appoint counsel (DN 58) is **DENIED AS MOOT**.

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.

cc:   Counsel of record
      Petitioner, *pro se*